IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CRAYTONIA BADGER                                      PLAINTIFF/RESPONDENT

V.                           No. 18-CV-1023

FEDERAL BUREAU of PRISONS                             DEFENDANT/PETITIONER

## MAGISTRATE JUDGE REPORT and RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2241 (Doc. 1) filed March 15, 2018 in the Eastern District of Arkansas and transferred to the Western District of Arkansas on April 27, 2018. Because the motion can be resolved on the pleadings and the record the government was not ordered to respond.

### I. Background

The Petitioner is currently incarcerated in the Columbia County Jail, Magnolia, Arkansas on numerous charges. At some point in time the Petitioner was incarcerated in the Arkansas Department of Correction and, subsequently, the State of Mississippi, Amite County Circuit Court, acquired jurisdiction over the Petitioner. (See *Craytonia Latro Badger v. Amite County Circuit Court*, 2017 WL).

On February 14, 2016, presumably, while the Petitioner was in the State of Mississippi he was Indicted and transported to the Northern District of Mississippi under a Writ of Habeas Corpus ad prosequendum for the disposition of his federal charges. (See Northern District of Mississippi: 1:16-cr-014 (Doc. 3-5)).

On January 30, 2017 the Petitioner was sentenced by the District Judge for the Northern

District of Mississippi to imprisonment for 63 months to "run consecutively to any undischarged term of imprisonment in Columbia County, Arkansas Circuit Court". (Id., Doc. 52).  The Petitioner appealed his sentence and the District Court sentence was affirmed by the Fifth Circuit. (See *United States v. Badger*, 699 Fed. Appx. 355 (2017)).

After the disposition of his Mississippi charges and his federal charges the Petitioner was evidently returned to the Arkansas Department of Corrections.  According to the petition the Petitioner was granted parole from the Arkansas Department of Correction on January 16, 2018 (Doc. 1, p. 6) and instead of being released to the U.S. Marshal's Service he was transported to Columbia County Arkansas to answer to the charges pending in that county.

The Petitioner filed the current 2241 motion contending that the BOP action in failing to take him into custody after his release from the Arkansas Department of Correction to commence his 63 month federal sentence violates his 5th Amendments rights to Due Process. (Doc. 1).

## II. Discussion

Under 18 U.S.C. s 3568 a federal sentence does not commence until a defendant is received in federal custody. 18 U.S.C. s 3568 provides, in part: The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.

Since the Petitioner was first arrested by state authorities, his presence in the United States District Court was secured through a writ of habeas corpus ad prosequendum, and following his sentencing, he was returned to state custody. *See U.S. v. Hayes*  535 F.3d 907, 908 (C.A.8 (Mo.),2008) citing *United States v. Cole*, 416 F.3d 894, 897 (8th Cir.2005) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."); *United States v. Dowdle*, 217 F.3d

610, 611 (8th Cir.2000) (per curiam) (when the state firsts arrests a defendant it retains primary jurisdiction).

A writ of habeas corpus ad prosequendum does not serve to transfer custody to the federal authorities. *Ruggiano v. Reish*, 307 F.3d 121, 125 n. 1 (3d Cir.2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) cmt. n. 3(E) (2003); see also BOP Program Statement 5880.28 § 3b (1999) (emphasizing that ad prosequendum writs do not effect a transfer to federal custody). *George v. Longley* 2012 WL 541535, 3 (C.A.3 (Pa. (C.A.3 (Pa.),2012); *U.S. v. Ray* 828 F.2d 399, 419 (C.A.7 (Ind.),1987).

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2241 be **DISMISSED with PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  May 3, 2018.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE